Emanuel Bloomfield, by Charles Bloomfield, His Guardian ad Litem, Appellant, v. The Board of Education of the City of New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Jenks, P. J., Burr, Rich, Stapleton and Putnam, JJ.

Lillian B. Bragg, as Administratrix, etc., Respondent, v. Central New England Railway Company, Appellant. — Motion dismissed. Under the provisions of the Judiciary Law (Consol. Laws, chap. 30 [Laws of 1909, chap. 35], § 2, subd. 3) the Appellate Division of the Supreme Court is constituted a court of record, as is also the Supreme Court by subdivision 4. The justice who granted the order to show cause in this case is not a member of this court, and had no power to grant the same. Present — Jenks, P. J., Burr, Rich, Stapleton and Putnam, JJ.

John M. Deegan, an Infant, etc., Appellant, v. Homer C. Newton, Respondent.— Motion to dismiss appeal denied, without costs, without prejudice, however, to a renewal thereof in the event the appeal is not speedily prosecuted. Present — Jenks, P. J., Burr, Rich, Stapleton and Putnam, JJ.

Ella Pearl Elliott, as Executrix, etc., Respondent, v. William W. Niles and Another, Copartners, etc., Appellants.— Motion for resettlement denied, without costs. Present — Jenks, P. J., Burr, Rich, Stapleton and Putnam, JJ.

Leander B. Faber, etc., Respondent, v. Everett Greene, Appellant.— Motion granted, without costs. Present — Burr, Rich, Stapleton and Putnam, JJ.; Jenks, P. J., taking no part.

Isaac Fragner, Plaintiff, v. Harry Fischel, Defendant.—Motion for leave to appeal to the Court of Appeals denied. Present — Jenks, P. J., Burr, Rich, Stapleton and Putnam, JJ.

Arthur Gabie, Appellant, v. Homer C. Newton, Respondent.— Motion to dismiss appeal denied, without costs, without prejudice, however, to a renewal thereof in the event the appeal is not speedily prosecuted. Present — Jenks, P. J., Burr, Rich, Stapleton and Putnam, JJ.

In the Matter of the Application and Petition of John A. Bensel and Others, Constituting the Board of Water Supply of the City of New York, to Acquire Real Estate, etc. Southern Aqueduct Department, Section No. 15. Claim of Kenisco Cemetery.— Appellants' efforts to settle the record without unnecessary printing, so as to raise the proper questions on appeal, have involved consultations and arrangements with the two other parties, including the corporation counsel of the city of New York, so that the delays hitherto are apparently excused. The motion to dismiss the appeal is; therefore, denied, with liberty to renew if the appeal record is not arranged by stipulation or duly settled by Justice Tompkins within a